# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**DAMIAN GARCIA, CHRISTOPHER ANGELO, and NATHAN BEAUCHAMP,**
**Individually and on behalf of all others similarly situated.**

    **Plaintiffs,**

vs.                                                                    Case No.:

**HARMONY HEALTHCARE, LLC; and CHRISTIAN HG BROWN.**

    **Defendants.**
_____/

## COLLECTIVE COMPLAINT

1.  This is a collective action brought by Plaintiff DAMIAN GARCIA, CHRISTOPHER ANGELO, and NATHAN BEAUCHAMP (collectively "Plaintiffs"), individually and on behalf of all others similarly situated. Plaintiffs and those similarly situated are or were employed by Defendants Harmony Healthcare, LLC ("Harmony"), as inside sales representatives and were denied proper compensation as required by federal and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.  This action is made up of all inside sales employees, including but not limited to Account Executives, or other positions with similar job titles and/or duties (the "FLSA Collective") who work or have worked for Harmony at any time within three years prior to this action's filing date (the "Collective Period")

## **PARTIES, JURISDICTION & VENUE**

3. Plaintiff Damian Garcia is an adult who at all material times, was a resident of Hillsborough County, Florida. Plaintiff Garcia was employed by Defendants as an account executive in Tampa, Florida from approximately June 2018 to February 2019. Plaintiff Garcia was Defendants' employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

4. Plaintiff Christopher Angelo is an adult who at all material times, was a resident of Pasco County, Florida. Plaintiff Angelo was employed by Defendants as an account executive in Tampa, Florida from approximately May 2017 to July 2018.  Angelo was Defendants' employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

5. Plaintiff Nathan Beauchamp is an adult who at all material times, was a resident of Pinellas County, Florida. Plaintiff Beauchamp was employed by Defendants as an account executive in Tampa, Florida from approximately March 2017 to January 2018. Plaintiff Beauchamp was Defendants' employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

6. Defendant Harmony Healthcare, LLC is a Florida limited liability company headquartered in Tampa, Florida.

7. Defendants Christian HG Brown ("Brown") is an adult individual who lives in Hillsborough County, Florida. Brown is the Chief Executive Officer of Harmony and exercised significant control over Harmony's operations, including but not limited to the authority to hire and fire employees, determine compensation, control over employment-related records, and similar powers with respect to operational control of Harmony's day-today functions.

8. Defendants were Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. §203(d), (g).

9. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 et seq.

10. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendants operates in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

12. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

13. Harmony provides health information management (HIM) and healthcare revenue cycle management (RCM) strategies and workforce solutions to hospitals and other healthcare providers. In addition, Harmony provides staffing, project management, consulting, and enterprise solutions to clients nationwide.

14. Plaintiff Garcia, Angelo and Beauchamp worked for Harmony as account executives out of Defendants' office in Tampa, Florida.  Their job duties were to cold call hospitals with lists provided to them by Harmony and determine whether the hospitals had any staffing needs where they cold-called potential hospitals to determine whether they had any staffing needs that could be fulfilled by Harmony.

15. Harmony employs numerous other Inside Sales Representatives who also sell Harmony's products to its clients from inside Harmony's offices.

16. At all times material, Plaintiffs and other inside salespersons were engaged in commerce as defined by Section 207(a)(1) of the FLSA.

17. At all times material, Harmony has qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

18. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Harmony.

19. Plaintiffs and those similarly situated were classified as exempt from FLSA's overtime requirements and paid a salary plus commissions.

20. Plaintiffs and other inside salespersons employed by Harmony during the last three years regularly worked more than forty (40) hours in a workweek without receiving proper overtime compensation. During these weeks, Harmony did not provide Plaintiff or other inside salespersons with overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during those workweeks.

21. Rather than pay Plaintiff and other inside salespersons one and one-half times their regular hourly rate of pay for all hours worked over 40 in a given workweek, Harmony misclassified Plaintiff and other inside salespersons as exempt from overtime pay, and did not compensate them for any overtime hours worked.

22. Plaintiff Garcia worked, on average, approximately on average fifteen hours of overtime each week.

23. Plaintiff Angelo worked, on average, approximately on average fifteen hours of overtime each week.

24. Plaintiff Beauchamp worked, on average, approximately on average ten hours of overtime each week.

25. Plaintiff and other inside salespersons who worked for Harmony were not required to keep timesheets. As a result, Defendants failed to maintain and keep time records for Plaintiff and those similarly situated.

26. Defendants knew Plaintiffs and the Putative Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the similarly situated salespersons overtime wages at the required rates.

27. Defendants required its employees to work from at least 8:30 AM to 6:00 PM, with an hour for lunch, requiring every individual to work 42.5 hours per week.

28. Defendants created a culture of fear which bullied their employees to work in excess of 42.5 hours of week and most often at least 50 hours a week.

29. Brown was directly involved in creating this culture of fear, encouraging people to work in excess of 40 hours, calling those who didn't "part timers", making comments when anyone left at 6:00 P.M, and firing employees who worked less than 50 hours a week.

30. Federal courts and the U.S. Department of Labor have consistently held that inside salespersons are entitled to overtime wages. Harmony had a duty to investigate and research its obligations under the FLSA.

31. Defendants did not keep accurate records of the hours Plaintiffs and other inside sales representatives worked. Defendants did not track whether Plaintiffs and other inside sales representatives took meal periods.

32. Defendants are aware of wage and hour laws, and its unlawful conduct has been widespread, repeated, and consistent.

33. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith. Defendants operated under a scheme that has caused significant damages to Plaintiffs and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff re-alleges and incorporates by reference paragraphs 1-32 as if fully set forth herein.

35. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as Inside Sales Representatives for Harmony The proposed collective is defined as follows:

> All persons who worked for Harmony as an Account Executive, or other positions with similar job titles and/or duties who were classified as exempt at any time within three years prior to the commencement of this action (the "FLSA Collective").

36. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

37. Plaintiffs and the FLSA Collective are or were employed by Harmony within the meaning of the FLSA

38. Harmony paid Plaintiffs and the FLSA Collective a salary and commissions, and classified them as exempt employees.

39. Defendants improperly classified Plaintiffs and the FLSA Collective as exempt from the FLSA's overtime pay requirements.

40. Plaintiffs and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated by Defendants with overtime pay for the overtime hours they worked.

41. Defendants were both aware of and required this overtime work. Specifically, it was Defendants' policy and practice to encourage and bully Plaintiffs and members of the FLSA Collective to work overtime.

42. Defendants were aware that Plaintiffs and the FLSA Collective worked under these conditions. Despite that knowledge, Defendants denied them overtime compensation.

43. Defendants uniformly misrepresented to Plaintiff and the FLSA Collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiffs and the FLSA Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay.

44. For example, Plaintiff and the FLSA Collective performed inside sales work for Defendants. This entailed calling potential clients to try to sell Harmony's products and services. Plaintiff and the FLSA Collective did not have the authority to determine what products were offered or what price would be charged. The relevant job duties of Plaintiff and the FLSA collective were substantially similar, regardless of their specific job title, office location, supervisor, or assigned sales territory.

45. Defendants failed to make, keep, and preserve records of the hours worked by Plaintiffs and the FLSA Collective.

46. Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

47. Defendants' conduct is willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective. Defendants is and was aware that Plaintiffs and the FLSA Collective performed non-exempt work that required overtime pay.

48. Defendants are aware of the FLSA's requirements.

49. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

50. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

### Count I – FAIR LABOR STANDARD ACT – FAILURE TO PAY OVERTIME
### (On behalf of Plaintiff and the FLSA collective)

51. Plaintiffs, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference paragraphs 1-48 as if fully set forth herein.

52. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

53. Defendants is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

54. Plaintiff and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

55. Plaintiffs and the FLSA Collective have worked more than forty hours (40) per week for Defendants during the applicable time period.

56. Defendants have not properly compensated Plaintiffs or the FLSA Collective for their overtime hours as required by the FLSA.

57. Defendants failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the FLSA Collective.

58. Defendants knew Plaintiffs and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates. See 29 U.S.C. § 255.

59. Defendants' willful failure and refusal to pay Plaintiffs and the FLSA Collective overtime wages for time worked violates FLSA. 29 U.S.C. § 207.

60. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

62. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE**, Plaintiffs individually and on behalf of the FLSA Collective, respectfully request that this Court:

i. Designate of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

ii. Enter judgment that Plaintiffs and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

iii. Enter judgment against Defendants for violations of the overtime provisions of the FLSA and award an amount equal to Plaintiff's and the FLSA Collective's unpaid

      back wages at the applicable overtime rates, including all pre and post-judgment interest;

iv. Find that Defendants' violations of the FLSA are willful;

v. Award Plaintiffs and the FLSA Collective liquidated damages;

vi. Award Plaintiffs and the FLSA Collective all costs and attorneys' fees incurred prosecuting this claim; and

vii. Grant such other and further relief, in law or equity, as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs request a demand for jury trial on all issues triable by a jury.

**Date**: May 7, 2020                                                     Respectfully Submitted,

/s/ James E. Fakhoury
**JAMES E. FAKHOURY**
Florida Bar No. 0118644
Email: JFakhoury@cantrellpllc.com
**WILLIAM J. CANTRELL**
Florida Bar No. 1013254
Primary email:
wcantrell@cantrellpllc.com
Secondary email:
admin@cantrellpllc.com
CANTRELL, PLLC
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: 813.867.0115
Facsimile: 813.867.0116